IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FAITH UNDERWOOD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-40 (MTT) |
| | ) |
| **BALDWIN COUNTY BOARD** | ) |
| **OF COMMISSIONERS,** *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER

On February 3, 2025, plaintiff Faith Underwood, proceeding pro se, filed her complaint. Doc. 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). Doc. 2. For the reasons stated, Underwood's motion to proceed IFP (Doc. 2) is **GRANTED**. Along with granting Underwood IFP status, the Court must also screen her complaint pursuant to 28 U.S.C. § 1915(e). After screening, the Court concludes that Underwood's complaint lacks important factual allegations that Underwood may have omitted because of her pro se status. Thus, the Court **ORDERS** Underwood to amend her complaint by **April 4, 2025**.

### I. DISCUSSION

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding, civil or criminal,
> or appeal therein, without prepayment of fees or security therefor, by a
> person who submits an affidavit that includes a statement of all assets

such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up).  A plaintiff is not required to show he is "absolutely destitute." *Id.* (citation omitted).  Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (citation omitted).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted).  District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages.  *Martinez*, 364 F.3d at 1306 (citation omitted).

Underwood's IFP affidavit establishes that she cannot pay the court fees.  Doc. 2.  Thus, the Court finds that Underwood is unable to pay the costs of this proceeding

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

without undue hardship and therefore her motion for leave to proceed IFP (Doc. 2) is **GRANTED**.

B.  **Frivolity Review**

"Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted).  When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because Underwood is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes*

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the Underwood*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

*v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Underwood alleges she was unlawfully harassed, discriminated and retaliated against and ultimately terminated from employment because of her race and pregnancy in violation of Title VII and the Pregnant Workers Fairness Act.  Doc. 1 at 3-4. Underwood alleges she was hired by the Baldwin County Board of Commissioners in May 2023 as a salaried employee and that she "began being discriminated against in November 2023." *Id*.  She maintains that the discriminatory acts occurred on November 3, 2023; February 1, 2024; February 8, 2024; February 16, 2024; February 19, 2024; February 21, 2024, and March 27, 2024.[3] *Id*.  She seeks $500,000 in damages.[4] *Id*. at 5.  For the following reasons, Underwood must file an amended complaint.

First, the complaint is entirely devoid of any facts which support a cognizable claim under Title VII or the Pregnant Workers Fairness Act.  Underwood alleges only that: "I began being discriminated against in November 2023," and recites a list of dates on which discriminatory conduct allegedly occurred.  Doc. 1 at 4.  However, neither that nondescript single-line summary, nor the nearly 150 additional pages of supporting documents filed by Underwood as part of the complaint, constitute "a short and plain statement showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

---

[3] Underwood states "all other dates are provided in supporting documentation." *Id*.

[4] Underwood alleges that she filed a Charge of Discrimination with the EEOC on February 26, 2024.  Doc. 1 at 5.  However, this Charge is not attached to her complaint.  Instead, Underwood attached an undated EEOC Charge which purports to amend her "charge timely filed on February 26, 2024."  Doc. 1-3 at 1. The EEOC issued a Notice of Right to Sue letter on November 5, 2024.  Doc. 1-2 at 1. Underwood alleged that she received the letter on November 5, 2024.  Doc. 1 at 5.

Next, Underwood lists in the caption of the complaint that she is suing the Baldwin County Board of Commissioners.  Doc. 1 at 1.  Elsewhere in the complaint, however, she indicates that she is also suing Tesha Dixon, Dawn Hudson, Dana Lleras, and Carlos Tobar.  Doc. 1 at 1-2.  Underwood shall list every defendant in the caption of the amended complaint.  See Fed. R. Civ. P. 10(a) (requiring a complaint to contain a caption that names all of the parties).

Further, Underwood's legal basis for suing Tesha Dixon, Dawn Hudson, Dana Lleras, and Carlos Tobar is unclear.  A Title VII claim may be brought only against an employer.  See 42 U.S.C. § 2000e-2(a) (providing employment practices that are unlawful "for an employer").  "[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act."  Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006).  Thus, Underwood cannot state a Title VII claim against the individuals that she names in the Complaint.  To the extent that Underwood has an alternative legal basis for bringing a claim against the individuals, she shall specify that basis in the amended complaint.

It is also settled precedent that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the [C]harge of [D]iscrimination."  Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (per curiam) (quoting Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).  As described above, Underwood did not attach her original EEOC Charge of Discrimination to the complaint, and therefore the Court is unable to determine whether Underwood's judicial claims reasonably arise from her Charge.  In any event, the undated Charge of Discrimination attached to Underwood's complaint which purports to amend her original Charge lists "pregnancy, retaliation, sex."  Doc. 1-3

at 1. In the section listing "particulars," Underwood explains that she believes she was "discriminated against because of [her] sex (female, pregnancy), and subjected to retaliation for engaging in protected activity." *Id*. However, in her complaint, Underwood claims that Baldwin County Board of Commissioners discriminated against her based on race and pregnancy. Doc. 1 at 4. Because Underwood's racial discrimination claim does not arise from facts contained in her attached Charge, it is possible that this claim is administratively barred.

Given Underwood's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). Underwood is **ORDERED** to amend her complaint in accordance with the instructions in this Order. Underwood shall have until **April 4, 2025,** to file her amended complaint.

## C. Instructions

The amended complaint must be printed legibly so that the Court may discern Underwood's claims, and it will supersede and replace in its entirety the previous pleading filed by Underwood. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual or entity Underwood is suing in the present lawsuit. Furthermore, the body of Underwood's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in her amended complaint should include information such as:

(i) the alleged act of misconduct;

  (ii)  the date on which such misconduct occurred;

  (iii)  the names of each and every individual who participated in such misconduct; and

  (iv)  where appropriate, the location where the alleged misconduct occurred.

While Underwood may attach exhibits to her amended complaint, she shall not incorporate them by reference as a means of providing the factual basis for her complaint. For example, Underwood should not simply state, "See attached documents." The Court will not independently examine exhibits that Underwood does not specifically reference (by the exhibit's page number) in her amended complaint. In accordance with the instructions in Section IV(B) of the complaint form, Underwood must again attach a copy of the Notice of Right to Sue letter from the EEOC. Moreover, Underwood shall submit only one amended complaint in accordance with the terms of this Order.

Therefore, Underwood shall state in the single amended complaint filed in accordance with the terms of this Order all claims that she wishes the Court to consider as a basis for awarding the relief sought. For clarity, Underwood may wish to group her allegations by type of alleged discrimination. Once Underwood has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and whether the defendant(s) should be served with a copy of the amended complaint. If no response is received from Underwood within twenty-one days of the date of this Order, the Court will presume that she desires to have this case voluntarily dismissed and will dismiss the action without prejudice.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Underwood's motion to proceed IFP (Doc. 2) is **GRANTED**, and Underwood is ordered to amend her complaint no later than **April 4, 2025**.

**SO ORDERED**, this 14th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
