**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**FAITH UNDERWOOD,**

**Plaintiff,**

**v.**

**BALDWIN COUNTY BOARD OF COMMISSIONERS, *et al.*,**

**Defendants.**

**CIVIL ACTION NO. 5:25-CV-40 (MTT)**

**ORDER**

Plaintiff Faith Underwood filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. On March 14, 2025, the Court granted Underwood's motion to proceed IFP and found her complaint deficient pursuant to 28 U.S.C. § 1915(e). Doc. 3. Underwood was thus ordered to recast and has since filed an amended complaint. Docs. 3; 4. Because Underwood is proceeding IFP, the Court must screen and dismiss her amended complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Underwood brings four claims against her former employer, the Baldwin County Board of Commissioners. She asserts that the Baldwin County Board of Commissioners (1) violated the Pregnant Workers Fairness Act; (2) discriminated

against her based on her pregnancy; (3) harassed her based on her pregnancy; and (4) retaliated against her based on her pregnancy.[1] Doc. 4 at 1.

**A. Pregnant Workers Fairness Act Claim**

The Pregnant Workers Fairness Act (PWFA) makes it unlawful for a covered employer to "not make reasonable accommodations to the known limitations related to pregnancy, childbirth, or related medical conditions of a qualified employee," absent a showing of undue hardship to the employer. 42 U.S.C. § 2000gg-1(1). The statute defines a "known limitation" as a "physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions." *Id.* § 2000gg(4). The Act applies to state and local governments as employers, and Congress declared that a State shall not be immune under the Eleventh Amendment from an action for a violation of the Act. *Id*. § 2000gg-4.

Here, Underwood alleges that in early February 2024, she had a medical emergency and her OBGYN issued a note stating that Underwood should be allowed to work from home due to pregnancy complications. *Id*. at 2. Upon reviewing the doctor's note, her supervisors told Underwood that working from home was not something the Baldwin County Board of Commissioners typically allowed, and that she would need to go home until they decided whether to grant her accommodation request. *Id.* Underwood was sent home from February 4, 2024, to February 9, 2024, and was told that she could take leave without pay or use her paid sick/vacation time. *Id*. at 3.

[1] While Underwood also alleges that the Baldwin County Board of Commissioners "violated the Fair Labor Standards Act" ("FLSA"), she does not allege facts that support an FLSA claim and argues that she is an administrative exempt employee. Doc. 4 at 2.

Underwood complained to the leadership team that she should be paid for taking leave she did not ask for but apparently opted to take paid leave. *Id*.

On February 9, 2024, one of Underwood's supervisors sent her a letter stating that her request to work from home was granted. *Id*. Underwood requested an extension on her assignments due to the leave of absence she had been forced to take while her request to work from home was considered. *Id*. This request was denied by one of Underwood's supervisors on February 16, 2024. *Id*. On February 19, 2024, Underwood received a disciplinary action form listing various performance issues, including "Refusing Work Assigned, Not Following Work Schedule, Failure to Meet Performance Standards, and Disregarding Company Policies." *Id*. at 1. She received a second disciplinary notice on February 28, 2024. *Id*. at 3-4.

Based on the amended complaint, Underwood requested a reasonable accommodation due to pregnancy complications and was denied accommodation in the form of an extension of her assignment deadlines. Thus, Underwood arguably states a claim under the PWFA.

**B. Pregnancy Discrimination Claim**

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of sex, including on the basis of pregnancy. 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). "The analysis for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." *Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir. 2000). To establish a prima facie case of discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job or benefit at issue; and (4) the employer treated similarly situated employees who were not

members of the plaintiff's class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc). While Underwood is not required to specifically plead the elements of a prima facie case, she must allege facts that plausibly suggest intentional discrimination. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Underwood was a female pregnant employee and thus was a member of a protected class under Title VII. She alleges that she was subject to adverse employment actions including forced leave, disciplinary write-ups, false accusations of misconduct, and ultimately termination of her employment. Doc. 4 at 3-4. She alleges that these actions were taken because of her pregnancy and requests for accommodation. *Id*. at 3-5. Liberally construing the amended complaint and giving Underwood the benefit of all reasonable inferences, she has arguably stated a claim for pregnancy discrimination.

**C. Pregnancy Harassment Claim**

To plead a hostile work environment claim under Title VII and the Pregnancy Discrimination Act, a plaintiff must allege sufficient facts showing that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on her pregnancy; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Reeves v. C.H. Robinson Worldwide, Inc.,* 594 F.3d 798, 807 (11th Cir. 2010); *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1258 (11th Cir. 1999).

Underwood's claims fail to meet the pleading standards for a hostile work environment claim based on pregnancy harassment. While she alleges that she received two disciplinary reports and was falsely accused of forging her supervisor's signature (Doc. 4 at 1, 3-4), she fails to allege or show that this conduct was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment. Even if she had, Underwood does not provide sufficient factual context (or any allegations) from which the court could infer that her perception was objectively reasonable. Thus, Underwood's pregnancy harassment/hostile work environment claim is **DISMISSED without prejudice.**

**D. Retaliation Claim**

To establish a prima facie case of Title VII retaliation, the employee must prove "that she engaged in statutorily protected conduct; she suffered an adverse employment action; and a causal relation exists between the two events." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023). Again, these are not pleading requirements, but Underwood must plausibly allege that her protected activity caused an adverse employment action. *Jackson*, 372 F.3d at 1270. Protected activity includes an employee's opposition to an unlawful employment practice. *Crawford*, 529 F.3d at 970.

Underwood alleges she filed an EEOC charge that the Board of Commissioners learned about on February 26, 2024. Doc. 4 at 3. Two days later, Underwood received her second disciplinary write-up about performance issues. *Id*. at 3-4. Underwood emailed Human Resources to request a meeting about the write-up and never got a response. *Id*. at 4. In late March, one of Underwood's supervisors falsely accused Underwood of forging her signature. *Id*. The following day, Underwood received an

email from her supervisor about a "termination conference." *Id*. at 5. Believing that her employment was being terminated, Underwood informed people in the office that it would be her last day at work. *Id*. Her supervisor immediately cancelled the termination conference, removed Underwood's access to her work email and phone, and ignored Underwood's explanation that she was not intending to resign. *Id*. Underwood alleges that these actions closely following her EEOC charge constituted retaliation for her protected activity. *Id*. at 1-5. Liberally construing the amended complaint and drawing all reasonable inferences in Underwood's favor, the Court finds that Underwood arguably states a claim for retaliation.

## II. CONCLUSION

Underwood's claim under the PWFA and her Title VII claims for pregnancy discrimination and retaliation may proceed against the Baldwin County Board of Commissioners for further factual development. Underwood's pregnancy harassment/hostile work environment claim is **DISMISSED without prejudice.** Accordingly, it is **ORDERED** that service be made on the Baldwin County Board of Commissioners[2] by the United States Marshal Service.

Underwood is advised that she must serve upon opposing counsel (or the Baldwin County Board of Commissioners if it is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Underwood shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the Baldwin County Board of

[2] Defendants Tesha Dixon, Dawn Hudson, Dana Lleras, and Carlos Tobar are **TERMINATED** because they were not named as defendants in the amended complaint.

Commissioners or its counsel. The Clerk of Court will not serve or forward to the Baldwin County Board of Commissioners or its counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Underwood is responsible for diligently prosecuting her complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Underwood is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 9th day of May, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT